IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KRYSTAL WEST, | ) | CASE NO. 13-30961-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the court's "Order to Show Cause" (Docket No. 27), and on the "Motion for Relief from the Stay Regarding Exempt Property" (Docket No. 25) filed by Mayra del Carmen Flores. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned case, with prejudice to filing another case under Title 11 within 180 days after the date of entry of the Judgment. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Krystal West ("Debtor") filed the voluntary petition in the instant case under Chapter 13 of the Bankruptcy Code on February 21, 2013.

Prior to the filing of the instant case, Debtor was the debtor in four previous Chapter 13 cases, all of which were filed

in the United States Bankruptcy Court for the Eastern District of Texas.

Each of the four previous cases was dismissed. Debtor filed Case No. 00-12099-13 on November 6, 2000. The case was dismissed on January 30, 2002. Debtor filed Case No. 03-11643-13 on November 3, 2003. The case was dismissed on September 22, 2004. Debtor filed Case No. 05-10495-13 on April 4, 2005. The case was dismissed on August 19, 2005. Debtor filed Case No. 08-10073-13 on February 4, 2008. The case was dismissed on May 29, 2008.

At the hearing on the instant order to show cause, and the instant motion for relief from stay, Debtor testified that she filed the first case, in 2000. Debtor asserts that she did not actively participate in the subsequent cases. She testified that she does not recall filing the subsequent cases. She testified that she filed the other cases at the direction of her husband.[1]

Debtor testified that she filed each of the four previous cases with the assistance of an attorney. She testified that she recalls attending a meeting of creditors in two of the cases. She testified that she signed the petition in each of the cases. Debtor's recollection of signing the petitions, appearing

---

[1] Debtor's husband was not listed as a debtor in any of the cases.

at the meeting of creditors, and meeting with attorneys renders not credible her contention that her previous cases were conducted without her active participation.

Debtor testified that she filed each of the cases in order to protect her separate property, which she testified was pledged to secure loans obtained by her husband for his business.[2]

Debtor testified that she filed the instant case in order to save what she asserts is her interest in real property located in Baytown, Texas. She testified that she acquired the property in a "wraparound"[3] under which she was to make payments to a Mr. Saylor, and Saylor was to make payments to a secured lender. Debtor testified that Saylor failed to make payments. She testified that she was unaware of Saylor's failure to make payments until the lender, Deutsche Bank, filed suit to evict her from the property.

In her motion for relief from stay, Mayra del Carmen Flores asserts that she purchased the property from Deutsche Bank.

Debtor testified that there is a suit pending in the United States District Court for the Southern District of Texas,

---

[2] Debtor testified that her husband is now deceased.

[3] The court construes this testimony to mean that Debtor believes she executed a contract for deed.

in which she asserts that Deutsche Bank's foreclosure of Saylor's interest in the property was wrongful. Debtor asserts that she retains an ownership interest in the property.[4]

In the instant case, Debtor filed the petition eight days after issuance of a writ of possession in favor of Flores. (Flores Exhibit C).

Debtor testified that the petition in the instant case was prepared by her attorney in the instant case, Samuel Milledge. The petition in the instant case is not signed by Milledge. Debtor testified that she does not know why Milledge did not sign the petition in the instant case.

## Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides for dismissal of a Chapter 13 case, for cause. Bankruptcy courts treat dismissal for prepetition bad faith conduct as cause for dismissal. Dismissal for prepetition bad faith conduct is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of honest but unfortunate debtors that the bankruptcy laws were enacted to protect. <u>Marrama v. Citizens</u>

---

[4]The court notes that, on the date of the hearing on the instant Order to Show Cause and the instant motion for relief from stay, Debtor filed a Notice of Lis Pendens in the real property records of Harris County, Texas, with respect to the property. (Debtor's Exhibit 1).

<u>Bank of Massachusetts</u>, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

Debtor's filing of four previous cases, while maintaining the argument that she did not participate in the previous cases, despite her admission of having signed the petitions in each case, demonstrates a pattern of bad faith and abuse of the bankruptcy process. Debtor's filing of five cases to protect what she alleges is her separate property, which she testified she nonetheless pledged to payment of her non-debtor husband's debts, further indicates an intentional abuse of the bankruptcy process. The court concludes that the instant case should be dismissed, based on the Debtor's bad faith, with prejudice to the filing of another case under Title 11 within 180 days.

The court's dismissal of the instant Chapter 13 case renders moot the motion for relief from stay filed by Flores.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned case, with prejudice to filing another case under Title 11 within 180 days after the date of entry of the Judgment.

Signed at Houston, Texas on May 31, 2013.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE